# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LEE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-196-CVE-JFJ |
| | ) |
| MITCH GOODMAN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On April 11, 2017, Plaintiff, a prisoner in custody at the Mayes County Jail (MCJ), filed a pro se 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). By Order filed April 14, 2017 (Dkt. # 4), the Court dismissed defendant MCJ, granted the motion to proceed in forma pauperis and directed Plaintiff to pay an initial partial filing fee. On May 18, 2017, Plaintiff paid the partial filing fee as directed by the Court. See Dkt. # 6. On June 19, 2017, Plaintiff requested that he be allowed to file an amended complaint. See Dkt. # 8. By Order filed July 19, 2017 (Dkt. # 9), the Court afforded Plaintiff the opportunity to file an amended complaint by August 18, 2017. Plaintiff's deadline passed and he failed to file an amended complaint. For the reasons discussed below, the complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

**A. Complaint shall be dismissed with prejudice**

    **1. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6)

2

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Applying these standards, the Court finds that, for the reasons identified below, the complaint fails to state a claim upon which relief may be granted. Under the facts of this case, and because the Court has already provided an opportunity for Plaintiff to file an amended complaint and he failed to do so, the Court finds that further opportunity to amend is futile. For that reason, the complaint shall be dismissed with prejudice.

**2. Claims fail to state a claim upon which relief may be granted**

Plaintiff identifies the "Nature of Case" as follows: "[b]ooked into the Mayes County Jail on felony charges, administrator Mitch Goodman denied me my right to due process by denying my right to access the law library." See Dkt. # 1 at 2. Plaintiff raises two causes of action:

Count I: Due process is being violated by denying my right to access the law library to prepare a defense to prove my innoncence [sic].
Mayes County Jail has confined me for 18 months now and only granted my preliminary hearing which is not over. Mitch Goodman is denying me my right to access law library.

Count II: Right to proper medical service violated. Malpractice.
Mayes County Medical Services dispensed someone else's medication causing an allergic reaction in my body, eyes swollen shut and labored breathing. They didn't take me to emergency room, just put me in observation.

Id. at 2-3. After the Court's dismissal of defendant MCJ, the only remaining defendant in this action is Mitch Goodman, MCJ Administrator. Id. at 1-2. In his request for relief, Plaintiff asks for "1.5 million U.S. Currency, access to law library, all current and future inmates at the Mayes County Jail have access to law library in Pryor Okla. 74361-2433, and proper medical services." Id. at 3.

### a. Lack of personal participation

Plaintiff identifies Mitch Goodman, MCJ Administrator, as a defendant and claims that "Mitch Goodman is denying me my right to access law library." Id. at 2. Plaintiff fails to allege that Defendant Goodman personally participated in providing his medical care at MCJ.

Personal participation is an essential element of a § 1983 claim. Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); see also Garrett v. Stratman, 254 F.3d 946, 950 n.4 (10th Cir. 2001) (noting that medical official must have "played a role in the challenged conduct" to be liable for an Eighth Amendment violation). As a result, government officials have no vicarious liability in a section § 1983 suit for the misconduct of their subordinates because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (quotation omitted). Instead, a supervisor is liable only if he is "personally involved in the constitutional violation and a sufficient causal connection . . . exist[s] between the supervisor and the constitutional violation." Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006) (quotation omitted); see also Schneider v. Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013) (requiring a plaintiff to show an "affirmative link" between the supervisor and the constitutional violation).

As to Plaintiff's second cause of action, Plaintiff fails to allege facts suggesting that Defendant Goodman personally participated in, had knowledge of, or acquiesced in the alleged

4

wrongdoing giving rise to his claim of inadequate medical care. Nowhere in the complaint does Plaintiff describe any acts or omissions by Defendant Goodman that rise to the level of a constitutional violation. Furthermore, it appears that Plaintiff seeks to hold Defendant Goodman liable based solely on his role as supervisor. For those reasons, Plaintiff's second cause of action fails to state a claim upon which relief may be granted as to Defendant Goodman. Therefore, Plaintiff's Count II claim against Defendant Goodman in his individual capacity is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. No allegation of policy or custom

To the extent Plaintiff sues Defendant Goodman in his official capacity, the complaint fails to state a claim upon which relief may be granted. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Under § 1983, a municipality may not be held liable on a theory of respondeat superior. Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Instead, the plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Camfield v. City of Oklahoma City, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal quotation marks omitted). To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff does not identify a policy or custom that was the moving force behind the alleged constitutional violations. As a result, the complaint is insufficient to state a claim as to municipal liability. Id.; Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs, 151 F.3d 1313, 1317 (10th Cir. 1998). Therefore, to the extent Plaintiff has sued Defendant Goodman in his official capacity, the complaint fails to state a claim upon which relief may be granted and is dismissed with prejudice.

**c. Inadequate medical care**

In Count II, Plaintiff alleges that he was deprived of his "right to proper medical service," when Mayes County Medical Services dispensed some else's medication to him. See Dkt. # 1 at 3. It appears that Plaintiff was a pretrial detainee at the time of the incident giving rise to the claim of inadequate medical care. But regardless of whether Plaintiff was a pretrial detainee or a convicted prisoner, the same standard governs his Count II claim.[1] See, e.g., Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009).

A pretrial detainee's right to receive adequate medical care is protected by the Due Process Clause of the Fourteenth Amendment. Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.6 (10th Cir. 2001); Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Under the Fourteenth Amendment due process clause, "pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. Garcia v. Salt Lake Cty., 768 F.2d 303, 307 (10th Cir. 1985); see also Craig v. Eberly, 164 F.3d 490, 495 (10th Cir.

---

[1]The Court notes that the Supreme Court has ruled that a pretrial detainee's excessive force claim brought pursuant to the Due Process Clause is governed by an objective standard and differentiated review of that claim from one brought by a convicted prisoner. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). But the Kingsley decision did not address the standard applicable to a pretrial detainee's denial of medical care claim and, therefore, the Court follows existing Tenth Circuit precedent as to the appropriate standard governing an inadequate medical care claim.

1998). The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test – an objective component showing that the deprivation suffered or the conduct challenged was "objectively sufficiently serious," and a subjective component showing that the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); Estate of Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Garcia, 768 F.2d at 307. The objective element is satisfied "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Oxendine, 241 F.3d at 1276 (internal quotations omitted). "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer, 511 U.S. at 827; Estelle, 429 U.S. at 104-05; Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The Supreme Court has cautioned that "an inadvertent failure to provide adequate medical care" does not rise to a constitutional violation. Estelle, 429 U.S. at 105-06. Furthermore, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that

7

the delay resulted in substantial harm." Oxendine, 241 F.3d at 1276 (quoting Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000)). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In this case, Plaintiff describes the medical care provided to him in terms of negligence and malpractice. However, negligence does not state a claim under § 1983 for deliberate indifference to serious medical needs. See Green v. Branson, 108 F.3d 1296, 1303 (10th Cir. 1997). In addition, although Plaintiff complains that he was not taken to the emergency room after being given wrong medication, he does not allege that any delay in receiving medical care resulted in substantial harm. Oxendine, 241 F.3d at 1276. Lastly, Plaintiff's allegations do not suggest that any medical care provider acted with deliberate indifference in inadvertently administering another prisoner's medication. For all of those reasons, Count II of Plaintiff's complaint fails to state a claim upon which relief may be granted and is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### d. Access to courts

In Count I, Plaintiff alleges that Defendant Goodman "denied me my right to due process by denying my right to access the law library." See Dkt. # 1 at 2. It is well established that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). But the constitutional obligation does not require states to afford inmates unlimited access to a library, Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir. 1978), and is satisfied if states provide inmates with "a reasonably adequate opportunity" to present their legal claims, Bounds, 430

U.S. at 825. Furthermore, an inmate alleging a violation of the constitutional right of access to the courts "must show actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (interpreting Lewis). For example, an inmate cannot bring a constitutional access to the court claim simply because that inmate's prison law library is subpar. See Lewis, 518 U.S. at 351. Rather, such an inmate "must go one step further and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id.

In this case, Plaintiff simply alleges that he has not been allowed access to a law library. Plaintiff has not asserted that he is proceeding pro se in his criminal case nor has he made any allegation suggesting that he has been hindered in pursuing a legal claim by not being allowed access to a law library. The Court finds that Plaintiff's conclusory allegations are inadequate to support a claim of denial of access to courts in violation of the Constitution and Count I is dismissed with prejudice.

**B. First "prior occasion" under 28 U.S.C. § 1915(g)**

As determined above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The complaint (Dkt. # 1) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

2. Plaintiff remains obligated to pay in monthly installments the balance owed on the **$350** filing fee for this case.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered in this matter.

**DATED** this 14th day of September, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE